UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO CITY FIRE DEPT., et al.,<br><br>Defendants. | No. 2:19-cv-0416 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On November 18, 2019, the Court screened plaintiff's complaint and found that it failed to state a claim for relief. (ECF No. 7.) Plaintiff then filed a motion for voluntary dismissal of two state law claims (ECF No. 10) and a first amended complaint (ECF No. 11). Shortly thereafter, plaintiff filed a second amended complaint. (ECF No. 13.) Because the second amended complaint supersedes any earlier-filed pleadings, Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), the Court will screen this most recently-filed complaint.

**I.  Screening Requirements**

"[T]he court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1

1915(e)(2)(B)(i)–(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000); see also Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (per curiam).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

Plaintiff brings this action against the City of Sacramento, Mayor Darrell Steinberg, Police Officer Guibord, Police Officer White Bear, Police Officer Waggoner, Store Cashier Clerk Wiggins, and Phlebotomist T. Hopkins. Plaintiff seeks declaratory relief, injunctive relief, and damages.

////

////

Plaintiff's allegations may be fairly summarized as follows:

On August 24, 2016, plaintiff entered the ARCO am/pm gas station where Mr. Wiggins was working as a store cashier clerk. Upon entering, plaintiff handed Mr. Wiggins a one-hundred-dollar bill and said that he would be shopping. Mr. Wiggins, in turn, phoned the police dispatch to say that plaintiff was in the store acting strange.

Several police officers arrived at the gas station in response to Mr. Wiggins's call, including Officers Guibord, White Bear, and Waggoner. A fire truck and ambulance also arrived. Suspecting that plaintiff was on drugs, the officers questioned plaintiff about how he got to the gas station and whether he drove a car in the parking lot. Plaintiff accuses these defendants of arresting him without a warrant and with excessive force by forcefully strapping him to a gurney while Mr. Hopkins, the paramedic, administered a tranquilizer to subdue plaintiff. When plaintiff regained consciousness, Mr. Hopkins was reaching for a syringe to draw plaintiff's blood. Plaintiff objected strenuously, but Officer Guibord said they did not need plaintiff's permission since he was a suspected drug addict. Officer Guibord held plaintiff's arm while Mr. Hopkins drew blood. At some point, plaintiff was read his Miranda rights and told that he was driving under the influence of a controlled substance, but he was not arrested or issued a citation or ticket.

Plaintiff was taken to the Mercy San Juan Medical Center emergency room in Carmichael, California. He was released an hour later after the medical staff determined that they could not take a blood test because plaintiff was struggling or twisting around too much.

Plaintiff brings claims for violations of his federal constitutional rights, including due process, free speech, freedom of association, freedom from cruel and unusual punishment. He also brings suit for wrongful imprisonment, wrongful or malicious prosecution, false arrest, retaliatory prosecution, fabrication of evidence, suggestive eyewitness identification procedures, coerced confessions, and ineffective assistance of counsel.

Plaintiff's allegations suggest that he was prosecuted for Driving Under the Influence. It appears that he may have appealed his conviction and/or sentence because he notes that he is presently awaiting a judgment from the California Court of Appeals, Third Appellate District. See Sec. Am. Compl. at 2.

## IV. Discussion

### A. Linkage

Under § 1983, the plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77 Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77. Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012).

Plaintiff names the Mayor Darrell Steinberg as a defendant, but he has not included any allegations tying this defendant to any alleged violation of plaintiff's rights. There are also no allegations linked to the store clerk, Mr. Wiggins.

Accordingly, plaintiff fails to state a claim against these two defendants.

### C. Liability for Entity Defendants

In addition, plaintiff's claims against the City of Sacramento is not cognizable as pled. "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). "Persons" who may be sued under Section 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. Vance v. Cty. of Santa Clara, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996).

A local government is liable for an injury under § 1983 under three possible theories. See Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010), overruled on other grounds by Castro v. Cty. of Los Angeles, 833 F.3d 1060 (9th Cir. 2016) (*en banc*)). First, a local government may be liable if "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694

(1978). Second, a local government can fail to train employees in a manner that amounts to "deliberate indifference" to a constitutional right, such that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." City of Canton v. Harris, 489 U.S. 378, 390 (1989). Third, a local government may be held liable if "the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." Gravelet-Blondin v. Shelton, 728 F.3d 1086, 1097 (9th Cir. 2013) (internal quotation marks and citation omitted).

Plaintiff invokes none of the three grounds for liability against the City of Sacramento. Accordingly, plaintiff also fails to state a claim against this defendant.

### C. The Fourth Amendment and Heck v. Humphrey

The crux of plaintiff's allegations is that he was arrested without a warrant and his blood was drawn over his objection. His allegations also suggest that he was prosecuted on a charge of Driving Under the Influence and sentenced thereon ("The malicious prosecution of wrongful imprisonment and wrongful arrest…," Sec. Am. Compl. at 5; "wrongful imprisonment wrongful or malicious prosecution, … retaliatory prosecution, fabrication of evidence, … ineffective assistance of counsel…", id. at 6).

The Fourth Amendment prohibits "unreasonable searches and seizures." Reasonableness is generally assessed by carefully weighing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Tennessee v. Garner, 471 U.S. 1, 8 (1985).

To recover damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486–487 (1994). A claim for damages based upon

a conviction or sentence that has not been so invalidated is not cognizable under § 1983. See id. at 487. Based on plaintiff's allegations, it appears that he was convicted for Driving Under the Influence. Because he is claiming that he was arrested without probable cause, his claim is barred by Heck. See Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (holding Heck bars plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded charges against him); see also Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (holding Heck generally bars claims challenging the validity of an arrest, prosecution or conviction).

### D. Excessive Force

Plaintiff also asserts an excessive force claim that appears to be premised on the use of force needed to secure him onto a gurney. These allegations, however, cannot proceed because they are not properly asserted against any individual, only "the police and ambulance attendant." Should plaintiff decide to amend his complaint to assert an excessive force claim that is appropriately linked to one or more defendants, he is hereby informed that "[a] person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer, 'by means of physical force or show of authority,' terminates or restrains his freedom of movement, 'through means intentionally applied.'" Brendlin v. California, 551 U.S. 249, 254 (2007) (citations and emphasis omitted). Thus, the issue is whether the force used during the seizure was objectively reasonable. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 921 (9th Cir. 2001) (citing Graham v. Connor, 490 U.S. 386, 388 (1989).) A court must balance "'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing government interests at stake." Id. (internal citation omitted) (quoting United States v. Place, 462 U.S. 696, 703 (1983)). A court should judge the reasonableness of force from "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id.

While an excessive force claim is not necessarily barred by Heck, Simpson v. Thomas, 528 F.3d 685, 691 (9th Cir. 2008), plaintiff is forewarned that, by his own account, the force used appears to have been necessary to subdue him since he "struggle[d]" with the police and "was screaming and hollering" about the medical test.

### F. Habeas v. Civil Rights

Finally, because plaintiff again suggests he is confined on false charges stemming from the August 24, 2016, incident, he is once again informed that federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004). "[H]abeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas corpus, and such claims may not be brought in a § 1983 [civil rights] action." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc). Nettles further sets forth "the correlative rule that a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." Id. That is, claims challenging "the fact or duration of the conviction or sentence" are within the core of habeas, while claims challenging "any other aspect of prison life" are properly brought as civil rights actions. Id. at 934. If success on a habeas petitioner's claim would not necessarily lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and thus, is not cognizable under 28 U.S.C. § 2241. Id. at 935 (citing Skinner v. Switzer, 562 U.S. 521 (2012)). Therefore, insofar as plaintiff seeks speedier release as a result of the defendants' alleged constitutional violations and his claims are not otherwise barred by Heck, he must proceed through a petition for writ of habeas corpus.

### V. Conclusion

Plaintiff's second amended complaint again fails to state a claim on which relief may be granted. The Court will grant plaintiff an opportunity to file a third amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his second amended complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the second amended complaint, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "Third Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for voluntary dismissal of claims identified in a previous pleading is DENIED as moot in light of the second amended complaint;
2. Within thirty days from the date of service of this order, plaintiff must file either a third amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the second amended complaint; and

////

////

3. If plaintiff fails to file a third amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

Dated: April 10, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/turn0416.scrn 2AC