UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO CITY FIRE DEPT., et al.,<br><br>Defendants. | No.  2:19-cv-0416 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On April 13, 2020, plaintiff's second amended complaint was screened and found devoid of a cognizable claim. (ECF No. 14.) Plaintiff was then directed to file a notice as to whether he wished to proceed on the pleading as screened, to stand on his complaint, or to dismiss the action. Plaintiff now moves for a 180-day extension of time to respond to the screening order. (ECF No. 15.) The extension is sought because of lockdowns at the facility where he is housed due to the Covid-19 pandemic. Good cause appearing, this request will be granted in part.

Plaintiff also moves for the appointment of counsel on the grounds that he is proceeding in pro per, he has limited access to the law library or supplies, and he is indigent. District courts, however, lack authority to require counsel to represent indigent prisoners in section 1983 cases.

1

Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

    Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for the appointment of counsel is **DENIED** without prejudice. Plaintiff's motion for an extension of time is **GRANTED IN PART**. Plaintiff shall file his notice or a third amended complaint within ninety days from the date of this Order.

Dated:  May 4, 2020

/DLB7;
DB/Inbox/Routine/turn0416.eot+mac

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE