UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO CITY FIRE DEPT., et al.,<br><br>Defendants. | No. 2:19-cv-0416 DB P<br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's three prior pleadings were screened and found to be devoid of a cognizable claim. Plaintiff was granted one final opportunity to state a claim. The Court is now in receipt of plaintiff's Fourth Amended Complaint.

**I.      Screening Requirements**

"[T]he court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000); see also Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (per curiam).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

Plaintiff brings this action against Sacramento City Police Officer Guibord, Officer White Bear, Officer Waggoner, and T. Hopkins, a paramedic. Plaintiff seeks damages.

Plaintiff's allegations may be fairly summarized as follows:

On August 14, 2016[1], plaintiff entered the Arco AM/PM market in Sacramento, California, whereupon he handed the store clerk, Steve Wiggins, a $100 bill. Wiggins, in turn, contacted the police, complaining that plaintiff was unintelligible and waving his arms above his head.

---

[1] Attachments to the pleading suggest that this incident occurred in 2017, not 2016. (See ECF No. 22 at 11.)

1	In response to Wiggins's call, Officers Guibord and White bear arrived at the market. Officer Guibord directed plaintiff to go outside of the store, where Officer White Bear detained him without explanation. Officer Guibord came out a few minutes later, learned that plaintiff had car keys on him for a vehicle parked in front of the market, and then placed plaintiff in handcuffs. The officers took plaintiff's keys and searched plaintiff's car without plaintiff's consent.

Officer Waggoner arrived on the scene by this point and took plaintiff's blood pressure without plaintiff's consent. Plaintiff was in fact refusing any medical treatment and blood draws, including to Hopkins, the paramedic, who also arrived on the scene.

The defendants ignored plaintiff's vocal refusal to give consent for the blood draw, calling him a drug addict and telling him that his opinion does not count. Officer Waggoner grabbed plaintiff's left wrist and threw his arm around plaintiff's neck while Officer White Bear grabbed plaintiff's right wrist. Officer Guibord grabbed plaintiff's right shoulder and slammed him down to the ground where plaintiff was rendered unconscious.

When plaintiff awoke, he was on a stretcher being taken towards the ambulance. Plaintiff attempted to get off the stretcher, but the three officers physically restrained him while trying to strap him to the gurney. It is then that paramedic Hopkins drew plaintiff's blood over his objections. One vial of blood was eventually taken, which the defendant officers took to the "Highway Patrol Office of the Sacramento Police City Dept." for testing.

After his blood was taken, plaintiff was "kidnapped and forcefully taken" to the Mercy San Juan Hospital, where he was not given a blood test or offered a urine analysis test or a field sobriety test. He was also not informed that he violated any laws or given a citation to appear in court.

Three months later, plaintiff appeared in court on other charges and first learned that he had been charged with Driving Under the Influence following the August 14, 2016, incident. On that charge, he was sentenced to 240 days with a three-year probation, which ran concurrent with plaintiff's other case.

////

////

3

**IV.     Discussion**

The Fourth Amendment protects persons against unreasonable searches. U.S. Const. amend. IV. Blood tests "plainly constitute searches of 'persons,' and depend antecedently upon seizures of 'persons,' within the meaning of that Amendment." Schmerber v. California, 384 U.S. 757, 767 (1966). "[W]arrantless compulsory blood tests are unreasonable unless supported by both probable cause and exigent circumstances." Ellis v. City of San Diego, Cal., 176 F.3d 1183, 1191-92 (1999); see also Missouri v. McNeely, 569 U.S. 141, 148 (2013) ("Such an invasion of bodily integrity implicates an individual's most personal and deep-rooted expectations of privacy.").

Plaintiff accuses the defendants of violating his Fourth Amendment rights when they held him down and drew his blood over his vociferous objections. Plaintiff also submits that he was charged with Driving Under the Influence for the August 14, 2016, events and sentenced thereon.

Under the favorable termination rule laid out in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), to recover damages in a § 1983 action for an alleged constitutional violation that would necessarily imply that a criminal conviction or sentence is invalid, a plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. If the criminal conviction or sentence has not been reversed, expunged, or otherwise invalidated, claims that would necessarily imply the invalidity of the criminal conviction or sentence must be brought in a petition for writ of habeas corpus rather than through a § 1983 case. See id; Muhammad v. Close, 540 U.S. 749, 750-751 (2004).

Here, the court finds that success on plaintiff's claim of a Fourth Amendment violation stemming from the blood draw would necessarily imply the invalidity of his conviction for Driving Under the Influence. Because plaintiff has not alleged that his conviction or sentence on that charge has been reversed or expunged, the court is forced to conclude that plaintiff is barred under Heck from seeking damages on his claim based on the unauthorized blood draw.

Plaintiff also appears to bring a claim for a violation of his Fourth Amendment rights stemming from the force used against him prior to the blood draw. As alleged, Officer Waggoner grabbed plaintiff's left wrist and threw his arm around plaintiff's neck, Officer White Bear

4

grabbed plaintiff's right wrist, and Officer Guibord grabbed plaintiff's right shoulder and slammed plaintiff face down on the ground hard enough to render him unconscious. Of these three defendants, only Officer Guibord's actions can reasonably be construed as excessive force.

Police officers violate an individual's Fourth Amendment rights when they use excessive force during an arrest. See Graham v. Connor, 490 U.S. 386, 396 (1989). Such claims are assessed using an "objective reasonableness standard." Blanford v. Sacramento County, 406 F.3d 1110, 1115 (9th Cir. 2005). "[R]easonableness is generally assessed by carefully weighing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." County of Los Angeles v. Mendez, 137 S. Ct. 1539, 1546 (2017) (internal quotation omitted). The government interest in use-of-force cases is evaluated from "the perspective of a reasonable officer on the scene." Graham, 490 U.S. at 396. Here, the court "must consider the risk of bodily harm that [Officer Guiford's] actions posed to [plaintiff] in light of the threat to the public that [Officer Guiford] was trying to eliminate." Scott v. Harris, 550 U.S. 372, 382 (2007).

Liberally construing the complaint, the risk of harm created by Officer Guibord's force was high, as demonstrated by the fact that plaintiff was thrown to the ground so hard that he was rendered unconscious long enough to be transferred onto a gurney and taken towards an ambulance. On the other side of the scale, the asserted governmental interest was to prevent the crime that Officer Guibord believed plaintiff was committing. As to that, however, plaintiff was charged with Driving Under the Influence for having had driven his car to the market—that is, there was no *pending* crime taking place. Alternatively, Officer Guibord was attempting to prevent plaintiff from evading a blood draw. Under either scenario, the need for force appears inconsistent then with the amount of force used by this defendant. Since an excessive force claim would not necessarily be barred by Heck, Simpson v. Thomas, 528 F.3d 685, 691 (9th Cir. 2008), the court finds that plaintiff has stated a cognizable Fourth Amendment excessive force claim against this defendant.

////

////

**V.     Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that a district judge be assigned to this case; and

IT IS HEREBY RECOMMENDED that this action proceed only on a Fourth Amendment excessive force claim against Officer Guiford and that all other claims and defendants be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  March 15, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/turn0416.scrn 4AC