UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER, | No. 2:19-cv-0416 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO CITY FIRE DEPT., et al., | |
| Defendants. | |

Plaintiff, a state prisoner, proceeds pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff has requested the appointment of counsel. (ECF No. 67.) Plaintiff has also recently filed documents styled as motions or miscellaneous filings that do not appear to request any relief. (ECF No. 64, 65, 66.)

**Request for Appointment of Counsel**

Plaintiff requests appointment of counsel, stating he cannot afford to hire counsel and his imprisonment and lack of knowledge of the law will limit his ability to litigate. (ECF No. 67 at 1-2.) The court lacks authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

1  Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

2        The test for exceptional circumstances requires the court to evaluate the plaintiff's
3  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
4  light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,
5  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances
6  common to most prisoners, such as lack of legal education and limited law library access, do not
7  establish exceptional circumstances that would warrant a request for voluntary assistance of
8  counsel. In the present case, the court does not find the required exceptional circumstances exist
9  at this time.

10       **"Discovery Motion for Complaint…" (ECF No. 64)**
11       On April 28, 2022, plaintiff filed a document titled "Discovery Motion for Complaint for
12 Wrongful Arrest and Prosecution with False Testimony." Based on its content, the court construes
13 the filing as an unauthorized reply to the defendant's answer to the fourth amended complaint.
14 The Federal Rules of Civil Procedure allow only a reply to an answer to be filed "if the court
15 orders one." Fed. R. Civ. P. 7(a)(7). The court has not ordered plaintiff to file a reply to
16 defendant's answer in this case. Accordingly, the court disregards this document.

17       **"Summons and Amended Complaint" (ECF No. 65)**
18       This document, also filed on April 28, 2022, sets forth some of the information in the
19 court's discovery and scheduling order filed on April 15, 2022, including the discovery deadline
20 of August 12, 2022, and the dispositive motion deadline of November 4, 2022. (ECF No. 65 at 1-
21 2.) As the document does not seek any relief, the court disregards this document.

22       **"Motion requesting… Discovery" (ECF No. 66)**
23       On May 13, 2022, plaintiff filed a motion titled "Motion Requesting Cal. Gov't Code §
24 11507.6 Request for Discovery." It is not clear whether plaintiff has served this document on the
25 defendant. Plaintiff is informed that court permission is not necessary for discovery requests,
26 which must be sent to the defendant's counsel rather than to the court. Plaintiff is advised that
27 neither discovery requests served on an opposing party nor that party's responses should be filed
28 with the court until such time as a party becomes dissatisfied with a response and seeks relief

from the court under the Federal Rules of Civil Procedure. In other words, discovery requests between the parties shall not be filed with the court unless, and until, they are at issue. Thus, the court disregards this motion for discovery.

### **Caution about Further Filings and Order**

The record reflects plaintiff has filed multiple documents styled as motions which are not, in fact, motions. The court understands plaintiff lacks legal training and for that reason, the court liberally construes plaintiff's pleadings. Nevertheless, plaintiff is cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court if an excessive number of motions or improperly filed documents are filed in a pending action. See DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); Tripati v. Beaman, 878 F2d 351, 352 (10th Cir. 1989). Plaintiff shall make a good faith effort to restrict his court filings to those allowed under the Federal Rules of Civil Procedure.

In accordance with the above, IT IS ORDERED:

1. Plaintiff's "Discovery Motion for Complaint…" (ECF No. 64), "Summons and Amended Complaint" (ECF No. 65), and "Motion requesting… Discovery" (ECF No. 66) will be disregarded. Plaintiff is cautioned that an order of sanctions could result from the continued filing of discovery requests or responses, except as required by rule of court, or of miscellaneous documents not requesting any relief that can be provided under the Federal Rules of Civil Procedure.

2. Plaintiff's motion for the appointment of counsel (ECF No. 67) is DENIED.

Dated:  May 26, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
turn0416.31(4)misc