UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTHONY DEWAYNE LEE TURNER, | No. 2:19-cv-0416 TLN DB P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO CITY FIRE DEPT., et al., | |
| Defendants. | |

Plaintiff, a state prisoner, proceeds pro se with a civil rights action under 42 U.S.C. § 1983. This case proceeds on plaintiff's fourth amended complaint filed on October 14, 2020. (ECF No. 22.) Plaintiff has filed a document purporting to be a further amended complaint. (ECF No. 70.) Plaintiff's motion requesting discovery is also before the court. (ECF No. 71.) Defendant has filed a motion to strike plaintiff's further amended complaint. (ECF No. 72.)

**Amended Complaint (ECF No. 70)**

On July 11, 2022, plaintiff filed a document styled as an amended complaint. (ECF No. 70.) Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the

////

1

opposing party's written consent or the court's leave, which should freely be given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Here, defendant's answer was filed on April 4, 2022. (ECF No. 62.) Plaintiff is no longer permitted to amend his pleading as a matter of course. Plaintiff also has not obtained defendant's written consent or the court's leave to amend. Sua sponte, the court strikes the amended complaint filed on July 11, 2022. This case proceeds on the fourth amended complaint filed on October 14, 2020. (ECF No. 22.)

**Motion for Discovery (ECF No. 71)**

On July 11, 2022, plaintiff filed a motion titled "Motion Requesting Cal. Gov't Code § 11507.6 Request for Discovery." This is the second time plaintiff has filed such a motion. (See ECF No. 66.) As before, it is not clear whether plaintiff has served this document or any discovery request referenced in this document on the defendant.

As plaintiff was previously informed, discovery requests must be sent to the defendant's counsel rather than to the court. Neither discovery requests served on an opposing party nor a party's responses should be filed with the court until such time as a party seeks relief from the court under the Federal Rules of Civil Procedure. Plaintiff does not indicate he seeks any relief under the Federal Rules of Civil Procedure. Thus, the court will disregard this motion for discovery.

**Caution about Further Filings**

The record reflects plaintiff continues to file documents styled as motions which are not, in fact, motions. Plaintiff is again cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court if an excessive number of motions or improperly filed documents are filed in a pending action. See DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); Tripati v. Beaman, 878 F2d 351, 352 (10th Cir. 1989). The court understands that plaintiff lacks legal training and proceeds without counsel. Nevertheless, plaintiff shall make a good faith effort to restrict his court filings to those allowed under the Federal Rules of Civil Procedure.

////

////

**Order**

In accordance with the above, IT IS ORDERED:

1. Sua sponte, the court STRIKES plaintiff's amended complaint (ECF No. 70) as improperly filed.

2. In light of the above, defendant's motion to strike (ECF No. 72) is denied as moot.

3. The court DISREGARDS plaintiff's motion for discovery (ECF No. 71).

Dated: August 1, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
turn0416.disc

3