UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER, | No. 2:19-cv-0416 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO CITY FIRE DEPT., et al., | |
| Defendants. | |

Plaintiff, a former state prisoner, proceeds pro se with a civil rights action under 42 U.S.C. § 1983. This case proceeds on plaintiff's fourth amended complaint filed on October 14, 2020. (ECF No. 22.) Plaintiff's motion to amend the complaint is before the court. (ECF No. 77.) Defendant opposes the motion. (ECF No. 79.) Plaintiff filed a reply. (ECF No. 81.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of course 21 days after serving it, or if a responsive pleading or motion was filed, within 21 days after service of the responsive pleading or motion, whichever is first. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or with written consent of the adverse party. Fed. R. Civ. P. 15(a)(2).

Leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the

1

opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Undue delay, alone, is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Here, plaintiff's proposed amended complaint alleges wrongful arrest, unlawful search, and constitutional errors at trial in connection with his existing criminal conviction. (See ECF No. 77 at 6-12.) As plaintiff was previously advised, however, claims concerning his criminal trial are not cognizable under 42 U.S.C. § 1983. (See ECF No. 7 at 6-7.) A habeas corpus petition under 28 U.S.C. § 2254 is the correct procedural vehicle for a challenge to the legality or duration of plaintiff's confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)).

In addition, as plaintiff was previously advised, such claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). (See ECF No. 14 at 5-6.) The Heck bar preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750-751 (2004). Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Here, a judgment in plaintiff's favor on the claims he seeks to add via amendment would necessarily imply the invalidity of his conviction and sentence. Such claims cannot proceed unless and until the associated conviction is invalidated as required by Heck. Thus, allowing the amendment would be futile and would unnecessarily delay the litigation.

1       In accordance with the above, IT IS ORDERED that plaintiff's motion to amend the

2 complaint (ECF No. 77) is denied.

3 Dated: November 28, 2022

_____

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
turn0416.mta