UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO CITY FIRE DEPT., et al.,<br><br>Defendants. | No. 2:19-cv-0416 TLN DB P<br><br><br>ORDER REQUIRING RESPONSE |

Plaintiff, a former jail inmate, proceeds pro se under 42 U.S.C. § 1983 on a Fourth Amendment excessive force claim against Officer Guibord. The time for filing dispositive motions has expired. Before the court sets a further schedule for this litigation, including due dates for pretrial statements, the court inquires as to each party's position on the usefulness of scheduling a settlement conference, which may take place via videoconference. Within 14 days of the date of this order, each party shall file a notice briefly stating whether or not the party believes scheduling a settlement conference would be useful at this time.

Plaintiff has also requested appointment of counsel. (ECF No. 82.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of

1

counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 82) is denied.

2. Within 14 days of the date of this order, each party shall file a notice briefly stating whether or not the party believes scheduling a settlement conference would be useful at this time.

Dated:  January 3, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
turn0416.31(5).adr