UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO CITY FIRE DEPT., et al.,<br><br>Defendants. | No. 2:19-cv-0416 TLN DB P<br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

    A recent court order was served on plaintiff's address of record and returned by the postal service. It appears that plaintiff has failed to comply with Local Rule 183(b), which requires that a party appearing in propria persona inform the court of any address change. More than sixty-three days have passed since the court order was returned by the postal service and plaintiff has failed to notify the Court of a current address.

    It is plaintiff's responsibility to keep the court apprised of his current address at all times and plaintiff was advised of this requirement. (See ECF No 3 at 2.) Plaintiff's failure to keep the court apprised of his current address prevents this case from moving forward and warrants dismissal for failure to prosecute. The court weighs five factors in determining whether to dismiss a case for failure to prosecute:

////

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), as amended May 22, 1992.

Here, the first three factors weigh in favor of dismissal, because this case will be delayed by plaintiff's failure to communicate with the court and because with the passage of time witnesses' memories fade and evidence becomes stale. The fifth factor also favors dismissal because there are no available less drastic alternatives. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Although public policy favors disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

In accordance with the above, IT IS HEREBY ORDERED AS FOLLOWS:

1. Defendants are relieved from filing a pretrial statement absent a further order of the court requiring a pretrial statement.

2. The pretrial conference and jury trial set for 11/16/23 and 1/22/24, respectively, are hereby vacated.

In addition, IT IS HEREBY RECOMMENDED as follows:

1. This action be dismissed for failure to prosecute. See Fed. R. Civ. P. 41(b).

2. The Clerk of the Court be directed to closet this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Failure to file objections within the specified time

////

////

////

may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 13, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
turn0416.nca.fr