UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER,<br><br>         Plaintiff,<br><br>     v.<br><br>GUIBORD,<br><br>         Defendant. | No. 2:19-cv-00416-TLN-DB<br><br><br>ORDER |

This matter is before the Court on Plaintiff Anthony Dewayne Lee Turner's ("Plaintiff") Motion to Reopen the Case, Motions for Reconsideration, Motion for Leave to File a Motion for Reconsideration, Motion to Appoint Counsel, and Motion for Stay of Judgment for a total of seven motions. (ECF Nos. 102, 104, 105, 109–111, 114.) Defendant Guibord ("Defendant") filed two oppositions to two of Plaintiff's motions. (ECF Nos. 103, 107.) Plaintiff did not file a reply nor did Defendant file oppositions to Plaintiff's other motions.

For the reasons set forth below, the Court DENIES Plaintiff's second, third, fourth, fifth, and seventh motions (ECF Nos. 104–105, 109–110, and 114), and DEFERS ruling on Plaintiff's first and sixth motions (ECF Nos. 102, 111).

///

1    A detailed recitation of the factual and procedural history is not necessary for the
2   disposition of Plaintiff's motions.  As relevant here, Plaintiff is currently incarcerated at the Rio
3   Cosumnes Correctional Center.  (ECF No. 102.)  Plaintiff commenced this § 1983 action in
4   March 2019 against various individual and entity defendants, proceeding *pro se* and *in forma*
5   *pauperis*.  (ECF Nos. 7, 22.)  The Court screened Plaintiff's operative Complaint and dismissed
6   all claims except for his excessive force claim against Defendant.  (ECF Nos. 26, 28.)  The parties
7   engaged in some discovery, but Plaintiff failed to timely update the Court about the change in his
8   address in violation of Local Rule 183(b).[1]  As a result, the magistrate judge made findings and
9   recommended Plaintiff's operative Complaint be dismissed for failure to prosecute under Federal
10  Rule of Civil Procedure ("Rule") 41(b) ("F&Rs").  (ECF Nos. 99.)  Any written objections to the
11  F&Rs were to be filed with the Court within fourteen (14) days of being served.  (*Id.*)  The Court
12  attempted to serve the F&Rs on Plaintiff via U.S. mail on October 13, 2024, but the F&Rs were
13  returned as undeliverable.  Neither party filed any objections.

14    On November 15, 2023, the Court adopted the F&Rs in full and dismissed the action for
15  failure to prosecute.  (ECF No. 100.)  The Clerk of Court entered Judgment that same day.  (ECF
16  No. 101.)

17    Plaintiff subsequently filed seven post-judgment motions: (1) a motion to reopen the case
18  and a notice of a change of address (ECF No. 102); (2) a motion for reconsideration of the
19  Court's Order, dismissing his case (ECF No. 104); (3) a motion for reconsideration of the Court's
20  Order, dismissing his case (ECF No. 105); (4) a motion for leave to file a motion for
21  reconsideration (ECF No. 109); (5) a motion for reconsideration of the Court's Order, denying his
22  motion to appoint counsel (ECF No. 110); (6) a motion to appoint counsel (ECF No. 111); and
23  (7) a motion for a stay of the Court's Judgment (ECF No. 114).  The Court has reviewed each

---

[1]    Local Rule 183(b) states that "[a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address."  "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."  L.R. 183(b).

2

motion and finds Plaintiff's second, third, fourth, fifth, and seventh motions are without merit, and discusses each briefly in turn.

Plaintiff's second and third motions urge the Court to reconsider its prior rulings. The Court construes these motions as motions for relief from the Court's Order and Judgment under Rule 60. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (court must construe pro se plaintiff's pleadings liberally).

Under Rule 60, a district court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In his third motion, Plaintiff contends relief is warranted because there are new facts that "the motorist did not require that motorist whose driver's license was suspended be given credit against that suspension for a previous period of suspension that had been erroneously imposed against him." (ECF No. 105.) However, Plaintiff fails to indicate how this is relevant to the Court's decision to dismiss his case for failure to prosecute or otherwise demonstrate he is entitled to relief. Similar deficiencies exist for his second motion.

Plaintiff's fourth motion requests leave from the Court to file a motion for reconsideration of the Court's Order, dismissing his case (i.e., another Rule 60 motion). (ECF No. 109.) As

already discussed, however, Plaintiff has already filed more than one such motion, and Plaintiff fails to articulate any reason why another motion should be permitted.

Plaintiff's fifth motion is a motion for reconsideration of the Court's Order denying his request to appoint counsel. (ECF No. 111.) However, Plaintiff's sixth motion is a renewed motion to appoint counsel, and therefore, the Court finds Plaintiff's fifth motion is moot.

Plaintiff's seventh motion is a motion for a stay of the Court's Judgment. (ECF No. 114.) In that motion, Plaintiff contends he is awaiting placement and participation in a mental health diversion program, and indicates he is working with his public defender in connection therewith. (*Id.*) However, Plaintiff again fails to indicate how this information is relevant to the propriety of a stay or otherwise demonstrate he is entitled to relief.

Turning now to Plaintiff's first [2] and sixth motions and construing them liberally, *Hebbe*, 627 F.3d at 342, Plaintiff contends he failed to update the Court about the change in his address because he was receiving mental health treatment to restore his mental competency, and requests the Court reopen his case and appoint him counsel. (ECF Nos. 102, 111.) Defendant filed an opposition to Plaintiff's first motion under Rule 60 but does not address this allegation. (ECF No. 103.) Instead, Defendant argues the Court should deny Plaintiff's Rule 60 motion because "Plaintiff had available remedies at his disposal to challenge the judgment, but Plaintiff did not pursue those remedies by the appropriate deadline." (*Id.*) Defendant did not file an opposition to Plaintiff's motion to appoint counsel.

To appoint counsel under 28 U.S.C. § 1915, the Court must find exceptional circumstances exist upon an evaluation of the likelihood of success of the merits and the ability of Plaintiff to articulate his legal position in light of the complexity of the legal issues. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citation omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.*

As discussed above, Plaintiff has had some difficulty articulating his legal positions. Moreover, the likelihood that Plaintiff will succeed on his Rule 60 motion will depend upon

---

[2] The Court also construes Plaintiff's first motion as a motion under Rule 60.

1  Plaintiff substantiating his allegation he failed to update the Court about the change in his address
2  because he was mentally incompetent and/or receiving mental health treatment to restore his
3  mental competency.  However, because of the very nature of this allegation and Plaintiff's
4  sometimes incoherent arguments, the Court has some doubt that Plaintiff will be able to provide
5  the necessary verification.

6  Upon consideration of the record, the Court finds that the appointment of counsel is
7  appropriate for the limited purpose of verifying Plaintiff's allegation that he was mentally
8  incompetent and/or receiving mental health treatment during the sixty-three (63) day period
9  where Plaintiff was required to update the Court and Defendant about the change in his address.
10 If the allegation is substantiated, the Court will grant Plaintiff's unopposed motion to appoint
11 counsel (ECF No. 111) and invite Plaintiff to supplement his motion for relief from the Court's
12 Judgment and Order, specifically arguing the propriety of Rule 60(b)(6) (ECF No. 102).
13 Defendant will be given an opportunity to oppose the supplemental motion, and Plaintiff will be
14 given an opportunity to reply.

15 Accordingly, the Court:

16 1. DENIES Plaintiff's second, third, fourth, fifth, and seventh motions (ECF Nos. 104–105,
17    109–110, and 114);

18 2. DEFERS ruling on Plaintiff's first motion (ECF No. 102); and

19 3. GRANTS Plaintiff's sixth motion (ECF No. 111) for the limited purpose discussed above
20    and, if necessary, to thereafter represent Plaintiff for any supplemental post-judgment
21    motion under Rule 60(b)(6) and otherwise assist Plaintiff in the prosecution of his case.
22    The Court refers this matter to the administrator of this District's pro bono panel of
23    attorneys, Sujean Park Castelhano, for the identification of counsel to represent Plaintiff.
24    If counsel has been identified, the Court will issue an Order appointing counsel, and
25    Plaintiff's counsel will have ninety (90) days therefrom to: (a) file a supplemental motion
26    under Rule 60(b)(6) with documents verifying Plaintiff's mental incapacity and/or mental
27    health treatment during the relevant period; or (b) file a statement, indicating he or she
28    could not verify Plaintiff's mental health allegation.  If the Court does not issue an Order

appointing counsel within thirty (30) days of *this* Order, Plaintiff will have until November 29, 2024, to file any supplemental motion under Rule 60(b)(6) ONLY insofar as to provide evidence necessary to substantiate his claim that he was mentally incapacitated and/or receiving mental health treatment during the relevant time period. Defendant may file an opposition on or before December 13, 2024, and Plaintiff may file a reply on or before December 20, 2024.

4. NO FURTHER FILINGS in this matter will be entertained until the Court issues an Order appointing counsel or thirty (30) days have elapsed from the electronic filing date of *this* Order.

IT IS SO ORDERED.

Date: September 24, 2024

_____
Troy L. Nunley
United States District Judge