UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER, | No. 2:19-cv-00416-TLN-SCR |
| Plaintiff, | |
| v. | **ORDER** |
| GUIBORD, | |
| Defendant. | |

    This matter is before the Court on Plaintiff Anthony Dewayne Lee Turner's ("Plaintiff") Amended Motion to Reopen the Case. (ECF No. 126.) Defendant Guibord ("Defendant") filed an opposition. (ECF No. 131.) Plaintiff filed a reply. (ECF No. 133.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

    Plaintiff, proceeding *pro se*, initiated this 42 U.S.C. § 1983 action in March 2019 against various individual and entity defendants. (ECF Nos. 7, 22.) The Court screened Plaintiff's operative Complaint and dismissed all claims except for his excessive force claim against Defendant. (ECF Nos. 26, 28.) The parties engaged in some discovery, but Plaintiff's mail was returned as undeliverable on June 13, 2023, with Plaintiff's Notice of Change of Address due by August 21, 2023.[1] Plaintiff did not timely update the Court about the change in his address in

---

[1]     Local Rule 183(b) states that "[a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address." "If mail directed to a plaintiff in

1

1    violation of Local Rule 183(b).  As a result, the magistrate judge made findings and

2    recommended Plaintiff's operative Complaint be dismissed for failure to prosecute under Federal

3    Rule of Civil Procedure ("Rule") 41(b) ("F&Rs").  (ECF No. 99.)  The Court tried to serve the

4    F&Rs on Plaintiff via U.S. mail on October 13, 2023, but the F&Rs were returned as

5    undeliverable.  (*Id.*)  Neither party filed any objections.  On November 15, 2023, the Court

6    adopted the F&Rs in full and dismissed the action for failure to prosecute.  (ECF No. 100.)  The

7    Clerk of Court entered Judgment that same day.  (ECF No. 101.)

8         Starting in January 2024 through September 2024, Plaintiff filed post-judgment motions

9    to reopen the case, for reconsideration, to appoint counsel, and to stay the judgment.  (ECF Nos.

10   102–105, 109–111, 114.)  On September 25, 2024, the Court denied the motions for

11   reconsideration and to stay the judgment, but deferred ruling on the motion to reopen and granted

12   the motion to appoint counsel.  (ECF No. 115.)  On December 6, 2024, the Court appointed

13   counsel "for the limited purpose of investigating Plaintiff's allegations that he was in a mental

14   health facility receiving treatment, including dates, and filing a renewed motion to reopen the

15   case, if the allegation is substantiated."  (ECF No. 121 at 1.)  On April 4, 2025, Plaintiff filed the

16   instant amended motion to reopen pursuant to Rule 60(b)(6).  (ECF No. 126.)

17        Rule 60(b) allows a district court to relieve a party from a final judgment or order for "any

18   [ ] reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  The moving party must show

19   "extraordinary circumstances justifying the reopening of a final judgment."  *Gonzalez v. Crosby*,

20   545 U.S. 524, 535 (2005).  However, Rule 60(b)(6) "is to be used sparingly as an equitable

21   remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances

22   prevented a party from taking timely action to prevent or correct an erroneous judgment."

23   *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal citation omitted).

24        Plaintiff contends he did not notify the Court of his address change between June 13 and

25   August 21, 2023, due to mental incompetence.  (ECF No. 126 at 6.)  In support, Plaintiff cites a

---

propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." L.R. 183(b).

1   psychological report from Dr. Camille Morgan.  (ECF No. 126 at 6.)  A Sacramento County

2   Superior Court judge ordered Dr. Morgan to evaluate whether Plaintiff was competent to stand

3   trial after he was arrested on state charges on August 18, 2023.  (*Id.*)  Dr. Morgan reviewed

4   Plaintiff's criminal history and jail records spanning from August 18 through October 31, 2023,

5   evaluated Plaintiff on November 10, 2023, and issued her report on November 12, 2023.  (ECF

6   No. 130 at 2.)  Dr. Morgan opines that as of November 10, 2023, Plaintiff was incompetent to

7   stand trial for offenses committed on August 18, 2023, due to delusions and disorganized speech

8   linked to a provisional diagnosis of schizophrenia.  (ECF No. 126 at 6.)  Dr. Morgan also noted

9   there was "unfortunately limited collateral information by which to inform on [Plaintiff's]

10  psychiatric history at this time."  (ECF No. 130 at 4.)

11       Even if the report proves Plaintiff suffered from a mental illness from the day of his arrest

12  on August 18, 2023, to his psychological evaluation on November 10, 2023, the report does not

13  show this condition existed between June 13 and August 17, 2023 — the time period for Plaintiff

14  to update his address with the Court in the instant case.  Nor does Plaintiff offer any other

15  explanation for his failure to update his address during that period.  Based on the lack of evidence

16  before the Court, Plaintiff has not shown extraordinary circumstances justifying relief under Rule

17  60(b)(6).  *See Purnell v. Equifax, Inc.*, No. 1:17-cv-00393-DAD-EPG, 2020 WL 8922893, at *1

18  (E.D. Cal. Mar. 31, 2020) ("Even if the court was to find that the documents relating to 2018 and

19  2019 establish that plaintiff suffers from a mental illness, those documents do not establish that

20  plaintiff was suffering from such an illness or was otherwise incapacitated while this action was

21  pending in 2017.").

22       Lastly, Plaintiff's counsel alternatively requests an evidentiary hearing.  (ECF No. 126 at

23  7.)  However, Plaintiff's counsel fails to explain what evidence could be presented at hearing that

24  could not have been submitted with the instant motion.  The Court was clear about what type of

25  evidence was needed to show Plaintiff was incapacitated during the relevant time period, and

26  Plaintiff's counsel has not provided such evidence.  The Court therefore DENIES Plaintiff's

27  request for an evidentiary hearing.

28  ///

3

For all these reasons, the Court DENIES Plaintiff's Amended Motion to Reopen the Case. (ECF No. 126.)

IT IS SO ORDERED.

Date: May 28, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE